```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                           2:07-cr-1-FtM-29DNF

RONALD D. LUCZAK
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant Ronald D. Luczak's Motion to Withdraw Guilty Plea and Request for Evidentiary Hearing (Doc. #304) filed on April 13, 2009. The United States' Response (Doc. #311) in opposition was filed on April 21, 2009. For the reasons set forth below, the motion is denied.

**I.**

On September 10, 2008, defendant Ronald D. Luczak (defendant or Luczak) entered a plea of guilty to three counts of a multi-count amended Superceding Indictment pursuant to a written Plea Agreement (Doc. #266). At the time, defendant was represented by attorney Robert Meadows, his fifth attorney in this case. The guilty plea colloquy was conducted by the assigned magistrate judge, and the guilty pleas were accepted by the undersigned the next day (Doc. #273). Sentencing was scheduled for December 29, 2008 (see id.), but was continued at the request of Mr. Meadows until February 17, 2009, to permit additional time for objections to the Presentence Report. (Docs. #279, 280.) Five days before the re-scheduled sentencing, defendant's two current attorneys

filed a Notice of Appearance (Doc. #285) and a Motion to Continue Sentencing (Doc. #286); the motion for continuance was granted (Doc. #292) and sentencing was continued until April 14, 2009 (Doc. #290).

The day before the re-scheduled sentencing, defendant's current attorneys filed the motion to withdraw defendant's guilty plea (Doc. #304). Defendant asserts that he should be allowed to withdraw his guilty plea because Mr. Meadows provided ineffective assistance of counsel by failing to properly investigate and prepare the case for trial and providing incomplete or inaccurate information regarding the Sentencing Guidelines and potential sentence, and that the guilty pleas were not knowingly and voluntarily entered. Defendant asserts that he is innocent of the charges, that he has always asserted his innocence, and that he only agreed to plead guilty when faced with his inability to proceed to trial because of Mr. Meadows' ineffective assistance.

**II.**

The defendant bears the burden on his motion to withdraw his guilty plea. United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006). Whether to grant a motion to withdraw a guilty plea is a matter within the sound discretion of the district court. Id. An evidentiary hearing is not required where the court has conducted extensive Rule 11 inquiries prior to accepting the guilty plea. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir.), cert. denied, 549 U.S. 985 (2006). Additionally, a hearing is not

necessary if the defendant, in moving to withdraw his guilty plea, only seeks to "relitigate representations made by himself, his lawyer, and the prosecutor in open court" instead of presenting factual allegations not directly contradicted in the record. United States v. Dabdoub-Diaz, 599 F.2d 96, 100 (5th Cir. 1979).

Pursuant to FED. R. CRIM. P. 11(d), a defendant may be permitted to withdraw his guilty plea before the court imposes sentence for a "fair and just reason." FED. R. CRIM. P. 11(d)(2)(B). In determining whether a defendant has shown a "fair and just reason," the court evaluates the totality of the circumstances, including: (1) whether the defendant had close assistance of counsel; (2) whether his plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced by the withdrawal. Brehm, 442 F.3d at 1298; United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003), both citing United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988). The Court may also consider the timing of the motion, i.e., the time between the entry of the plea and the motion to withdraw may indicate the defendant's motivation. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987). The district court is permitted to make a strong presumption of truth regarding statements made by a defendant during a plea colloquy. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

The record in this case affirmatively establishes that none of the factors favor withdrawal of the guilty plea. On August 1,

2008, well before defendant entered his guilty plea, the magistrate judge conducted a hearing on Mr. Meadows' motion to withdraw as counsel (Doc. #309). During the hearing, Mr. Meadows expressed his concern about providing ineffective assistance of counsel due to his lack of federal experience (id. at pp. 3-4). After hearing these concerns, defendant stated, "I feel unequivocally, after dealing with this situation for two years and dealing with lawyers for the past ten years, that Mr. Meadows could represent me effectively." (Id. at p. 4.) Defendant repeated, "I believe Mr. Meadows can represent me properly." (Id. at p. 5.) After discussion by the magistrate judge, defendant praised Mr. Meadows, saying, "Although he may not feel it, he's shown more competency than I've seen with a lot of other attorneys that have been presented to me in this case." (Id. at p. 7.)

Approximately six weeks later, defendant entered his guilty plea before the same magistrate judge (see Doc. #310). The transcript of the guilty plea proceedings clearly establishes that the Rule 11 requirements were fully satisfied. As it relates to the matters now before the Court, the magistrate judge asked defendant if he had enough time to discuss the charges with his attorney, and whether defendant was satisfied with his attorney's services. (Id. at p. 5.) Defendant responded, "Yes, your honor" to the first question and "Absolutely, your honor" to the second question. (Id.)

Defendant stated that he had talked with his attorney about how the Sentencing Guidelines might apply to him and his attorney had explained the various considerations that go into determining the Sentencing Guidelines range. (Doc. #310, pp. 9-10.) Defendant confirmed that he was aware that the Sentencing Guidelines allowed the Court to take into account the actual conduct in which defendant engaged, any victims of the offense, the role defendant played, whether or not defendant engaged in any obstruction of justice, and whether defendant accepted responsibility for his acts, as well as other relevant factors, and that his criminal history was an important factor in applying the Sentencing Guidelines. (Id.)

The magistrate judge explained that the Court would not be able to determine the Sentencing Guidelines range until after a Presentence Report had been completed and both defendant and the government had the opportunity to challenge the facts presented in the report. (Id. at p. 10.) The magistrate judge also explained that it was unlikely that defendant's attorney could be specific as to the Sentencing Guidelines range applicable to defendant, because he had not seen the Presentence Report and did not have all of the necessary information. (Id.) The magistrate judge then asked: "You understand you will not be able to withdraw your plea of guilty on the ground that any prediction your attorney may have made as to the guideline range or a sentence proves to be inaccurate?", to which defendant responded, "Yes, Your Honor."

(Doc. #310, p. 10.) Defendant also told the magistrate judge that he understood he could not withdraw his guilty plea if the Court declined to follow recommendations contained in the Plea Agreement regarding the sentence or the application of the Sentencing Guidelines (Id. at p. 7).

Defendant confirmed that he had authorized his attorney to have discussions with the government's attorney to seek a plea agreement, had read the Plea Agreement and discussed it with his attorney before he signed it, and felt like he understood the Plea Agreement. (Id. at pp. 6-7.) Defendant also confirmed that the Plea Agreement contained all of the promises made by the government or by himself, and that there were no verbal promises or other representations made by the government that were not contained in the Plea Agreement. (Id. at p. 8.)

The magistrate judge asked defendant, "Has anyone done anything which you consider to be wrong or unfair to get you to plead guilty to these charges?" and "Have there been threats or coercion or improper pressure of any kind placed on you to get you to plead guilty?" (Id. at p. 5.) To each question, defendant responded, "No, Your Honor." (Id.) The magistrate judge asked defendant, "Do you want to plead guilty to these charges because you are guilty?", and defendant responded, "Yes, Your Honor." (Id.) The magistrate judge then asked, "Is there any other reason?", and defendant replied, "No, Your Honor." (Id. at pp. 5-6.)

After explaining the penalties and elements of each offense, the magistrate judge asked defendant to describe what he did that made him guilty of the offenses. Defendant did so, and answered the magistrate judge's follow-up factual questions. (Doc. #310, pp. 17-21.) The magistrate judge then asked defendant, "[D]o you still desire to plead guilty as to Counts 1, 7, and 9," to which defendant replied, "Yes, Your Honor." (Id. at p. 21.) The magistrate judge then asked, "Is there anything you want to tell me or ask me or your attorney that bears on your decision to plead guilty that we haven't already covered in this proceeding?", and defendant responded, "No, Your Honor." (Id.) When asked how he plead, defendant stated, "I plead guilty, Your Honor." (Id.) When asked, "Are you freely and voluntarily entering pleas of guilty to Counts 1, 7, and 9 of the amended superseding indictment?", defendant responded, "Yes, Your Honor." (Id. at pp. 21-22.)

The magistrate judge found that defendant's guilty pleas were knowingly, intelligently and voluntarily made. He also found that the guilty pleas were not the result of any force, threats or promises except those contained in the Plea Agreement. (Id. at p. 22.) The Report and Recommendation that the guilty pleas be accepted was adopted by the undersigned.

It is clear from the record that defendant had the close assistance of counsel in deciding to enter his guilty pleas. Defendant expressed confidence in Mr. Meadows at the August 1 motion hearing, and told that magistrate judge at the guilty plea

colloquy that he was "absolutely" satisfied with the services rendered by his attorney. Defendant further told the magistrate judge during the guilty plea colloquy that he and Mr. Meadows had discussed the Sentencing Guidelines and that Mr. Meadows had explained the various considerations in determining the Sentencing Guidelines range. Defendant specifically acknowledged discussing factors including any obstruction of justice and his criminal history. Defendant also stated that he understood that neither the Court nor Mr. Meadows could determine the Sentencing Guidelines range, and further stated that he understood he could not withdraw the guilty pleas if his attorney's prediction of sentencing range proved inaccurate.

The record also affirmatively establishes that defendant's guilty pleas were knowingly and voluntarily entered. The magistrate judge engaged in a lengthy guilty plea colloquy, which complied with all the requirements of Rule 11. He also solicited questions or comments from defendant as to whether there was anything else to be said, and defendant failed to raise any of the claims he now asserts.

The Court further finds that judicial resources would not be conserved by allowing the needless withdrawal of valid guilty pleas such as those in this case. The government has established some prejudice, given the delay that would be caused by the withdrawal of the guilty pleas and the need to again obtain witnesses whose testimony has no longer been needed. Finally, the Court finds that

-8-

the delay in filing the motion to withdraw the guilty pleas demonstrates defendant's actual motive - his dissatisfaction with the lengthy Sentencing Guidelines range set forth in the Presentence Report.

Accordingly, it is now

**ORDERED**:

1. Defendant Ronald D. Luczak's Motion to Withdraw Guilty Plea and Request for Evidentiary Hearing (Doc. #304) is **DENIED.**

2. Sentencing for defendant Ronald D. Luczak is scheduled for **June 30, 2009 at 9:00 a.m.** before the undersigned.

**DONE AND ORDERED** at Fort Myers, Florida, this   28th   day of May, 2009.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record